**Guevork MARKARIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72050.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Paula N. Harris, Esq., Harris & Harris, LLP, Burbank, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

## MEMORANDUM **

Guevork Markarian, a native and citizen of Armenia, petitions for review of a final order of the Bureau of Immigration Appeals (BIA) summarily affirming an immigration judge's (IJ) denial of his application for asylum, withholding of removal, voluntary departure, and protection under the Convention Against Torture.

The Immigration and Nationality Act provides that we may only review a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). A failure to raise an issue before the BIA constitutes a failure to exhaust, which deprives this court of jurisdiction. *Vargas v. U.S. Dep't of Immigration and Naturalization*, 831 F.2d 906, 907–08 (9th Cir.1987).

Several of Markarian's claims were not exhausted. First, Markarian failed to present his claim under the Convention Against Torture to the BIA. *Guo v. Ashcroft*, 361 F.3d 1194, 1199 n. 1 (9th Cir.2004). He also failed to argue the issues of withholding of removal and voluntary departure to the BIA. *Camposeco-Montejo v. Ashcroft*, 384 F.3d 814, 821 (9th Cir.2004) (withholding of removal); *Mabugat v. INS*, 937 F.2d 426 (9th Cir.1991) (voluntary departure). We, therefore, lack jurisdiction to consider these issues.

Similarly, Markarian did not contest the IJ's adverse credibility determination before the BIA and thus has also not exhausted his administrative remedies as to this issue. *Zara v. Ashcroft*, 383 F.3d

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**244**

927, 930 (9th Cir.2004). The credibility determination is dispositive of Markarian's petition for asylum. *See Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997) (applicant must establish eligibility by credible, direct, and specific evidence). Absent credible testimony that he was persecuted, Markarian failed to establish that he suffered past persecution or had a well-founded fear of future persecution. *See Singh v. Ashcroft,* 367 F.3d 1139, 1144 (9th Cir. 2004).

■ The only remaining issue before us that Markarian properly raised before the BIA is whether his due process rights were violated because the IJ did not act as a neutral arbiter.[1] Due process rights are afforded to aliens facing deportation. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). An alien facing deportation is entitled to a full and fair hearing of his claims before a neutral fact-finder. *Id.; Castro–Cortez v. INS,* 239 F.3d 1037, 1049 (9th Cir.2001). Claims of due process violations in deportation proceedings are reviewed de novo. *Colmenar,* 210 F.3d at 971.

■ Here, Markarian's due process rights were not violated by the manner in which the IJ conducted his asylum hearing. Markarian had the opportunity to both testify and present evidence on his own behalf. *Cf. Colmenar,* 210 F.3d at 971 (petitioner was not allowed to testify); *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001) (refusal to allow petitioner to present evidence contradicting IJ's findings). Although at times the IJ seems abrupt in his questioning of Markarian, the record clearly demonstrates that the IJ acted as a neutral fact-finder. *Cf. Reyes–Melendez v. INS,* 342 F.3d 1001, 1007 (9th Cir.2003) (finding a due process violation where "[t]he record indisputably demonstrate[d] that the IJ was hostile towards [the petitioner] and judged his behavior as being morally bankrupt").

PETITION DENIED IN PART and DISMISSED IN PART.

---

1. The government contends that Markarian also failed to exhaust his due process claim by failing to raise the issue to the BIA. While the issue was not addressed in his brief to the BIA, Markarian did provide the BIA notice of what he perceived to be the IJ's unfairness his notice of appeal to the BIA. *Ladha v. INS,* 215 F.3d 889, 903 (9th Cir.2000). Nothing more is required for exhaustion. *Id.* Therefore, this court has jurisdiction to consider Markarian's due process claim.

